107 F.3d 871
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Appellee,
v.
Beverly BURKETT, Defendant-Appellant.
 No. 96-5601.
 United States Court of Appeals, Sixth Circuit.
 Jan. 3, 1997.
 
 Before: KENNEDY and BATCHELDER, Circuit Judges, and EDGAR, District Judge.*
 PER CURIAM:
 
 
 1
 Defendant Beverly Burkett pleaded guilty in the United States District Court for the Western District of Tennessee to an information alleging that she, as an assistant vice president of Reelfoot Bank of Union City, Tennessee, knowingly and wilfully converted $180,550.32 from the bank on September 22, 1995, see 18 U.S.C. § 656, and made false entries in the books and records of the bank in the amount of $83,075.66 and $99,973.66 on October 25, 1995. See id. § 1005. She made the false entries to cover up the previous embezzlement. She appeals her sentence.
 
 
 2
 In sentencing the defendant, the district court held that Burkett was in Offense Level 13 and Criminal History Category I, so the sentencing range was 12 to 18 months. U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 5A (1995). The district court rejected the defendant's contention that her behavior was "aberrant," and therefore declined her request for a downward departure. The court then sentenced her to 12 months and one day on each count, to run concurrently, and three years' supervised release.
 
 
 3
 A district court's refusal to depart downward is not appealable when the court was aware of its discretion to depart, has properly calculated the applicable Guideline range, and has imposed a sentence that is not illegal and does not result from an incorrect application of that Guideline range. See United States v. Brannon, 7 F.3d 516, 521-22 (6th Cir.1993) (citing United States v. Davis, 919 F.2d 1181, 1187 (6th Cir.1990)); see also United States v. Draper, 888 F.2d 1100, 1105 (6th Cir.1989). Burkett does not claim that the district court incorrectly calculated or applied the Guideline range, nor does she claim that the sentence imposed is illegal. Rather, Burkett claims in her brief on appeal that the district court's refusal to depart downward was based on an erroneous finding that her action was not the result of a "single act of aberrant behavior," which the Guidelines mention as a circumstance that "may justify probation at higher offense levels through departures." U.S.S.G., Ch. 1, Pt. A(4)(d). Burkett at oral argument, however, argued that the district court erred in not properly defining "single act of aberrant behavior," and, we gather, not understanding that under the totality of the circumstances in her case, it had discretion to depart. We will construe this appeal as one raising a claim of misapplication of the Guidelines to the facts, over which we have jurisdiction.
 
 
 4
 Title 18 U.S.C. § 3742(e) requires us to review the district court's findings of fact for clear error, and to give due deference to its application of the Guidelines to the facts. The Supreme Court has recently held that we review for abuse of discretion[1] the sentencing court's determination to depart downward. See Koon v. United States, 518 U.S. ----, ----, 116 S.Ct. 2035, 2046-48 (1996). We think that the Court's reasoning requires that, to the extent that a sentencing court's failure to depart downward is reviewable at all, it must be reviewed for abuse of discretion. Here, we construe the appeal as raising a claim of misapplication of the Guidelines to the facts, which we will review for abuse of discretion.
 
 
 5
 As we noted above, the phrase "single act of aberrant behavior" comes from the Sentencing Guidelines. U.S.S.G., Ch. 1, Pt. A(4)(d). The district court found that the defendant's action was not aberrant, stating that under the Sentencing Guidelines, repeated acts for an extended period of time could not be a single act of aberrant behavior.
 
 
 6
 We first used this phrase in United States v. Duerson, 25 F.3d 376, 377 (6th Cir.1994),[2] which held that "a district court can give a first offender a prison sentence below the guideline range, as opposed to giving him probation, where the facts justify a finding that his crime truly was a single act of aberrant behavior." Id. at 380; see generally 18 U.S.C. § 3553(b) (Supp.1996) (titled "Application of guidelines in imposing a sentence"). We acknowledged that in this circuit, the definition of "single act of aberrant behavior" remains open, and left it that way, declining to define the term explicitly. See 25 F.3d at 382. We did note that other circuits have defined the phrase differently, acknowledging for example that the Seventh Circuit has held that a "single act of aberrant behavior generally contemplates a spontaneous and seemingly thoughtless act rather than one which was the result of substantial planning because an act which occurs suddenly and is not the result of a continued reflective process is one for which the defendant may be arguably less accountable." Id. at 381 (ellipsis omitted) (quoting United States v. Carey, 895 F.2d 318, 325 (7th Cir.1990));[3] but see United States v. Grandmaison, 77 F.3d 555, 563 (10th Cir.1996) ("[T]he Commission intended the word 'single' to refer to the crime committed and not to the various acts involved. As a result, we read the Guidelines' reference to 'single acts of aberrant behavior' to include multiple acts leading up to the commission of a crime." (citation omitted)). The district court took the Carey approach.
 
 
 7
 Whether we follow the Seventh or the Tenth Circuit, the defendant does not prevail. Even under the more liberal Tenth Circuit approach, the defendant committed more than one crime. And under the Seventh Circuit's approach, there was more than a "spontaneous and seemingly thoughtless act." Because the district court made no clear error in its finding of facts, and did not otherwise abuse its discretion when it applied the Guidelines to the facts, we AFFIRM the defendant's sentence.
 
 
 
 *
 The Honorable R. Allan Edgar, United States District Judge for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 A district court abuses its discretion when it "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." First Technology Safety Sys., Inc. v. Depinet, 11 F.3d 641, 647 (6th Cir.1993) (citation omitted); see also Christian Schmidt Brewing Co. v. G. Heileman Brewing Co., 753 F.2d 1354, 1356 (6th Cir.1985) (citations omitted). We find an abuse of discretion only when we have "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." McBee v. Bomar, 296 F.2d 235, 237 (6th Cir.1961)
 
 
 [2]
 We have mentioned it only two other times, and only briefly. See United States v. Delgado, 61 F.3d 904 (table), No. 94-3714, 1995 WL 419003, at * 11 (6th Cir. July 14, 1995); United States v. Dalecke, 29 F.3d 1044, 1045 (6th Cir.1994)
 
 
 [3]
 Although this was not a holding of Duerson, see 25 F.3d at 381, Delgado adopted this as a holding. 1995 WL 419003, at * 11