UNITED STATES of America, Plaintiff,

v.

Jamil Mustafa SHALASH, Defendant.

No. CR–2–98–175.

United States District Court,
S.D. Ohio,
Eastern Division.

Feb. 17, 1999.

Sharon J. Zealey, United States Attorney, Deborah A. Solove Assistant United States Attorney, United States Attorney's Office, Columbus, OH, for plaintiff.

Terry Keith Sherman, Columbus, OH, for defendant.

### OPINION AND ORDER

KINNEARY, District Judge.

This matter is before the Court on Defendant's motion for downward departure. (Doc. # 47.) In his motion, Defendant asks this Court to depart downward from the applicable Sentencing Guideline ("Guideline") range by thirteen levels. Specifically, Defendant moves this Court to depart from a level twenty-one to a level eight, thereby making Defendant eligible for a term of probation.[1] For the reasons stated below, the Court DENIES Defendant's motion.

In his motion, Defendant sets forth a number of bases for downward departure. First, Defendant asserts that his agreement "to forfeit all of his worldly possessions and personal assets up to and through the amount of four hundred fourteen thousand dollars" warrants a downward departure. (*Id.* at 3.) Second, Defendant contends that "his family responsibilities, in combination with other factors" warrant a downward departure. (*Id.* at 4.) Third, Defendant argues that his conduct constitutes "aberrant behavior" and that, as such, he is entitled to a downward departure. (*Id.* at 4.) Last, Defendant asserts that the totality of the circumstances justify departure to a probationary sentence. (*Id.* at 6.)

### I. BACKGROUND

On August 27, 1998, a grand jury returned a thirteen-count Indictment against Defendant, charging him with structuring currency transactions for the purpose of evading reporting requirements (Counts One through Twelve) and criminal forfeiture (Count Thirteen). · (Doc. # 1.) On November 17, 1998, Defendant pled guilty to Counts One through Twelve of the Indictment and agreed to forfeit all property set forth in a consent decree of forfeiture ("Consent Decree") executed by the parties. The contents of the Consent Decree are relevant to this Opinion and Order.

On February 9, 1999, the parties filed the Consent Decree in which Defendant agrees to forfeit to the United States his interest in $414,700 in U.S. currency. (Doc. # 52 at 1.) Further, in the Consent Decree, Defendant agrees that his interest in his family residence in the amount of $50,000 is subject to forfeiture in partial satisfaction of the $414,-700. (*Id.* at 2.) However, the Consent Decree also reflects that the government will forbear the forfeiture of Defendant's interest in the residence if Defendant makes certain payments to the United States. (*Id.*) Specifically, the government agrees not to seize Defendant's residence to satisfy the forfeiture if he makes the following payments: (1) $16,000 before ninety days from his guilty plea and (2) $34,000 before forty-eight months from his guilty plea. (*Id.*) Moreover, the Consent Decree provides that the unpaid

---

1. In his motion, Defendant states that the applicable offense level is a twenty-one. However, the Court is aware that Defendant inadvertently listed his offense level as a level twenty-one instead of a nineteen as stated in his Presentence Investigation Report ("PSI"). Therefore, in deciding this motion, the Court construes Defendant as requesting a downward departure from a level nineteen.

balance of $50,000 "will be secured by a Certificate of Judgment lien entered in favor of the United States of America to preserve the Government's interest in the residence." (*Id.*)

## II. ANALYSIS

■ As an initial matter, the Court must address when a downward departure from the Guidelines is appropriate. In general, a "downward departure is permitted when there is a mitigating factor that has not been adequately considered in formulating the Sentencing Guidelines." *United States v. Le-Fave*, No. 96–2547, 1998 WL 384553, at *1 (6th Cir. June 17, 1998).

■ In order to determine whether a downward departure is appropriate, a sentencing court must first determine whether the circumstances of the case are "sufficiently unusual for the case to fall outside of the heartland of scenarios contemplated in the Guidelines." *United States v. Weaver*, 126 F.3d 789, 792 (6th Cir.1997); *see United States v. Gaines*, 122 F.3d 324, 330 (6th Cir.1997). If the court finds that the case has sufficiently distinguishing characteristics, it must then decide whether the Sentencing Commission ("Commission") forbids departures based on those characteristics. *See United States v. Pluta*, 144 F.3d 968, 978 (6th Cir.1998). If the Commission forbids departure based on those characteristics, then the court may not depart downward. *See id.* If, however, the Commission does not prohibit departures based on those characteristics, then "the court must ascertain whether the Commission has considered the identified [characteristics] at all, and if so, whether it has either encouraged or discouraged departures premised thereon." *Id.* (citing *United States v. Dethlefs*, 123 F.3d 39, 44 (1st Cir. 1997)).

■ Once the court completes that analysis, if the distinguishing characteristics are encouraged by the Guidelines, the court may depart downward on that basis if the applicable Guideline does not already take those characteristics into account. *See Koon v. United States*, 518 U.S. 81, 86, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). However, if the distinguishing characteristics are discouraged, or encouraged characteristics already taken into account by the applicable Guideline, "the court should depart only if the [characteristics are] present to an exceptional degree or in some other way make[ ] the case different from the ordinary case where the [characteristics are] present." *Id.* However, both the Supreme Court and the Sixth Circuit note that departures based on grounds not expressly mentioned in the Guidelines are highly infrequent. *See id.; Pluta*, 144 F.3d at 978. It is with these standards in mind that the Court determines the instant motion.

### A. Criminal Forfeiture

■ As the first ground in support of his motion, Defendant argues that the forfeiture in this case is so significant that it warrants a downward departure. (Doc. # 47 at 3.) Specifically, Defendant states that "a forfeiture of home and personal assets which devastates the Defendant and his family may constitute a mitigating circumstance to an extent or degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines and should result in a sentence different from that described." (*Id.* at 3.) Therefore, in ruling on this ground, the Court must first determine whether the amount or the impact of a criminal forfeiture can be used as a basis for departure.

Forfeiture is addressed by Guidelines § 5E1.4, which states that "[f]orfeiture is to be imposed upon a convicted defendant as provided by statute." U.S.S.G. § 5E1.4. Accordingly, forfeiture of property "is expressly considered in the ... Guidelines." *United States v. Coddington*, 118 F.3d 1439, 1441 (10th Cir.1997). In light of § 5E1.4, the Third, Fourth, Seventh, Ninth and Tenth Circuits held that forfeiture of a defendant's property does not constitute a basis for downward departure. *See United States v. Shirk*, 981 F.2d 1382, 1397 (3d Cir.1992) ("We interpret the Guidelines' straightforward mandate the 'forfeiture is to be imposed ... as provided by statute' to mean that the Commission viewed the monetary forfeiture as entirely distinct from the issue of imprisonment."), *vacated on other*

*grounds,* 510 U.S. 1068, 114 S.Ct. 873, 127 L.Ed.2d 70 (1994); *United States v. Weinberger,* 91 F.3d 642, 644 (4th Cir.1996) ("The Commission recognized the fact that procedures for forfeiture are set forth in a comprehensive statutory framework of their own, one which is separate and apart from the [G]uidelines."); *United States v. Hendrickson,* 22 F.3d 170, 174 (7th Cir.1994) ("[I]t is readily apparent that forfeiture was considered by the Sentencing Commission and was intended to be imposed in addition to, not in lieu of, incarceration."); *United States v. Crook,* 9 F.3d 1422, 1425 (9th Cir.1993) ("By considering forfeiture in § 5E1.4 but providing not that forfeiture may be considered in setting a term of incarceration, the Commission indicated that forfeiture and incarceration are to be considered separately."); *Coddington,* 118 F.3d at 1441 ("[T]he forfeiture of a defendant's property does not constitute a basis for downward departure...."). Therefore, the Court disagrees with Defendant's assertion that "[f]orfeiture of Defendant's and his family's dwelling and personal property is not discussed in the ... [G]uidleines." (Doc. # 47 at 3.)

Although the Sixth Circuit has not specifically addressed this issue, this Court agrees with the interpretation of the Third, Fourth, Seventh, Ninth and Tenth Circuits. This Court finds that § 5E1.4 expresses the Commission's desire that the issue of forfeiture be considered entirely distinct from the issue of imprisonment. In making this finding, this Court acknowledges that the potential loss of a family dwelling inevitably places hardship upon a family. However, despite Defendant's arguments to the contrary, such a forfeiture is not a proper consideration for departure from the applicable Guideline range. Therefore, the Court DENIES Defendant's motion for downward departure on this ground.

### B. Family Ties and Responsibilities

As the second ground in support of his motion for downward departure, Defendant claims that "[a] downward departure is warranted due to [his] family responsibilities." (Doc. # 47 at 4.) Specifically, Defendant asserts that if he is incarcerated, he will lose his business, income and home. (*Id.*) Further, Defendant states that "his family would literally be out on the streets." (*Id.*) Defendant states that he supports his wife, four sons, a daughter, a daughter-in-law, a grandchild and family members who reside in the West Bank of Jordan. (*Id.*)

■ This Court is aware that it may consider family circumstances and parental responsibilities in determining the appropriate sentence. *See United States v. Morales–Berrones,* Nos. 95–3402, 95–3404, 1996 WL 506508, at \*1 (6th Cir. Sept.5, 1996); *United States v. Jones,* 160 F.3d 473, 481 (8th Cir. 1998); *United States v. Jones,* 158 F.3d 492, 499 (10th Cir.1998). Moreover, this Court acknowledges that such considerations may serve as an appropriate basis for downward departure. *See Morales–Berrones,* 1996 WL 506508 at \*2. However, the Court also notes the Guidelines' policy statement that "[f]amily ties and responsibilities ... are not ordinarily relevant in determining whether a sentence should be outside the applicable [G]uideline range." U.S.S.G. § 5H1.6. Thus, this Court must specifically address whether "those circumstances and responsibilities, either individually or in combination with other possible circumstances, convert this case from an ordinary one into an extraordinary one." *Id.* at \*2. Therefore, this Court makes the decision to depart downward on the basis of family ties and responsibilities on a case-by-case basis.

■ In the instant case, the Court finds that Defendant's commitment to his family does not support a downward departure in his sentence. The Court is unaware of any facts in the record that demonstrate extreme hardship beyond that which is to be expected when a primary provider is separated from the family. Although Defendant potentially faces forfeiture of his interest in the family residence, the Consent Decree provides that Defendant can avoid such forfeiture if Defendant makes certain timely payments to the government. Moreover, the Court previously determined in Section II.A. of this Opinion and Order that forfeiture is not an appropri-

ate basis for downward departure.[2] Therefore, the Court finds that Defendant's family ties and responsibilities are not so usual as to warrant a downward departure. The Court **DENIES** Defendant's motion on this ground.

## C. Aberrant Behavior

As the third ground in support of his motion for downward departure, Defendant states that his conduct was aberrant behavior and inconsistent with his life before and after the offense. (Doc. # 47 at 4.) Specifically, Defendant states that:

> [his] behavior did not go to the extent of attempting to conceal his activity to the level of opening up accounts at different banks under fictitious or different names. In other words, [his] method of structuring does not suggest a significant effort to avoid the banking requirements and conceal the currency transaction from authorities.

(*Id.*) Thus, Defendant asserts that he is entitled to a downward departure on this basis.

■ The phrase "single act of aberrant behavior" is found in the Guidelines. U.S.S.G., Ch. 1, Pt. A(4)(d). The Guidelines state that "[t]he Commission ... has not dealt with the single acts of aberrant behavior that still may justify probation at higher offense levels through departures." *Id.* Thus, "aberrant behavior" may be a basis for downward departure. *See United States v. Lutz*, 154 F.3d 581, 589 (6th Cir.1998); *United States v. Duerson*, 25 F.3d 376, 380 (6th Cir.1994); *United States v. Burkett*, No. 96–5601, 1997 WL 3612, at *2 (6th Cir. Jan.3, 1997).

The Sixth Circuit, however, has not defined the phrase "single act of aberrant behavior." *See Burkett*, 1997 WL 3612 at *2. Other circuits have adopted different views of what the phrase means. The Seventh Circuit adopted the view that the phrase "single act of aberrant behavior" applies to "a spontaneous and seemingly thoughtless act rather than one which was the result of substantial planning," *United States v. Carey*, 895 F.2d 318, 325 (7th Cir.1990), while the Tenth Cir-

cuit held that the phrase includes "multiple acts leading up to the commission of a crime." *United States v. Grandmaison*, 77 F.3d 555, 563 (1sr Cir.1996).

■ Applying either definition to the instant case, the Court finds Defendant's argument that he is entitled to a downward departure to be without merit. The Court finds that Defendant did not perform one aberrant act. Rather, he committed a series of repeated criminal acts over a period of years. Therefore, the Court **DENIES** Defendant's motion for downward departure on this ground.

## D. Totality of the Circumstances

■ As the fourth ground in support of his motion for downward departure, Defendant states that "the totality of the circumstances justify departure to a probationary sentence." (Doc. # 47 at 6.) Defendant states that "[w]hile the evidence independently supports a downward departure based on any one of the various grounds previously cited, a probationary sentence is warranted based upon the totality of the circumstances even if none of the stated departure base[s] was sufficient in and of itself." (*Id.*) Thus, Defendant apparently asserts that even if forfeiture, family ties and responsibilities or his aberrant behavior are insufficient alone to warrant a departure, those factors taken together justify a departure based on the totality of the circumstances.

This Court disagrees. Although the Court is aware of its ability to depart downward, *see* U.S.S.G. § 5K2.0, the Court finds nothing in the record that prompts it to do so. Defendant fails to identify any basis for downward departure. Therefore, the Court **DENIES** Defendant's motion.

## III. CONCLUSION

Upon consideration and being duly advised, the Court **DENIES** Defendant's motion for downward departure. The Court

---

**2.** Further, the Ninth Circuit specifically held that forfeiture of a family home is not a proper con-

sideration in determining a sentence under the Guidelines. *See Crook* 9 F.3d at 1426.

will sentence Defendant in accordance with the applicable Guideline range.

**IT IS SO ORDERED.**