**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 8 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

EDWINA CODDINGTON,

    Defendant-Appellant.

No. 96-2103

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. 95-353 JP)

---

Submitted on the briefs:

Ralph C. Binford, Deming, New Mexico, for Defendant-Appellant.

John J. Kelly, United States Attorney; Kelly H. Burnham, Assistant United States Attorney; Albuquerque, New Mexico, for Plaintiff-Appellee.

---

Before HENRY, LOGAN, and BRISCOE, Circuit Judges.

---

HENRY, Circuit Judge.

Defendant Edwina Coddington appeals the district court's decision declining to depart downward from the range of sentences established by the United States Sentencing Guidelines (USSG) for her offense level and criminal history. She argues that because her personal property was forfeited in administrative proceedings, the district court should have departed downward pursuant to 18 U.S.C. § 3553(b) and USSG § 5K2.0. We conclude that forfeiture of a defendant's property is not a valid basis for departure under 18 U.S.C. § 3553(b) and USSG § 5K2.0. Additionally, because there is no indication in the record that the district court incorrectly interpreted the Guidelines or erroneously believed that it lacked the authority to depart downward, we conclude that we lack jurisdiction and dismiss this appeal.[1]

## I. BACKGROUND

Ms. Coddington was charged in a second superseding indictment with conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2, and possession with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. She pled guilty to both counts.

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Prior to sentencing, Ms. Coddington filed a motion to suspend sentence and a motion for downward departure. In the motion to suspend sentence, Ms. Coddington argued that because some of her personal property (a truck, a camper, and $1,493.00 in cash) had been forfeited through administrative proceedings, the district court lacked the "capacity to impose any additional imprisonment as the aforesaid [administrative] forfeiture constitutes punishment." Rec. vol. I, doc. 206 at 2 (Motion and Memorandum filed Apr. 1, 1996). Ms. Coddington cited several Supreme Court cases suggesting that certain kinds of administrative forfeitures may constitute punishment. See id. at 1 (citing Department of Revenue v. Kurth Ranch, 511 U.S. 767 (1994); Austin v. United States, 113 S. Ct. 2801 (1993), and United States v. Halper, 490 U.S. 435 (1989)). She also cited this court's decision in United States v. 9844 South Titan Court, 75 F.3d 1470, 1482-91 (10th Cir. 1996), which concluded that civil forfeiture may constitute punishment under the Double Jeopardy Clause of the Fifth Amendment. See Rec. vol. I, doc 206 at 2.

In her motion for downward departure, Ms. Coddington noted her cooperation with the government investigation, her lack of a criminal record, and her family responsibilities. See Rec. vol. I, doc.198 at 4-5 (Motion for Downward Departure filed Apr. 11, 1996). She said that "her participation in a drug dealing venture was totally out of character" and that she "[was] qualified for a downward departure for 'aberrant behavior.'" Id. at 5.

3

The government opposed both of these motions, and the district court denied them. The court sentenced Ms. Coddington to concurrent sentences of 135 months on each of the two counts.

## II. DISCUSSION

On appeal to this court, Ms. Coddington argues that the district court erred when it denied her motion for downward departure. She contends that because the effect of the forfeiture of a defendant's property on his or her sentence is not discussed in the Sentencing Guidelines, such a forfeiture constitutes a "mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b); see also USSG § 5K2.0. Because her truck, camper, and $1,493.00 in cash were forfeited, Ms. Coddington says, the district court should have departed downward from the applicable guideline range in imposing her sentence.

Ms. Coddington did not raise this argument before the district court. As noted, in the district court proceedings, Ms. Coddington argued that the forfeiture of her property barred the imposition of any sentence of incarceration. She did not argue that forfeiture constituted a basis for downward departure.

Nevertheless, even if Ms. Coddington had raised this argument, it still would have provided no basis for downward departure. District courts are authorized to depart

4

downward from the range of sentences specified in the Sentencing Guidelines if "the court finds that there exists . . .[a] mitigating circumstance of a kind . . . not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b); see also USSG § 5K2.0; United States v. Maples, 95 F.3d 35, 37 (10th Cir. 1996) (discussing grounds for downward departure under 18 U.S.C. § 3553(b) and USSG 5K2.0), cert. denied, 117 S. Ct. 716 (1997); United States v. Zeigler, 39 F.3d 1058, 1060-61 (10th Cir. 1994) (same). Forfeiture of a defendant's property, the grounds on which Ms. Coddington seeks downward departure in the instant case, is expressly considered in the Sentencing Guidelines. USSG § 5E1.4 provides that "[f]orfeiture is to be imposed on a convicted defendant as provided by statute."

In light of § 5E1.4, the Third, Fourth, Seventh, and Ninth Circuits have held that forfeiture of a defendant's property does not constitute a basis for downward departure under 18 U.S.C. § 3553(b) and USSG § 5K2.0. See United States v. Shirk, 981 F.2d 1382, 1397 (3d Cir. 1992) ("We interpret the Guidelines' straightforward mandate that 'forfeiture is to be imposed . . . as provided by statute' to mean that the Commission viewed monetary forfeiture as entirely distinct from the issue of imprisonment."), vacated on other grounds, 510 U.S. 1068 (1994); United States v. Weinberger, 91 F.3d 642, 644 (4th Cir. 1996) ("Reducing a sentence based on a defendant's exposure to forfeiture would link the precise matters that the Commission intended to keep separate."); United

5

States v. Hendrickson, 22 F.3d 170, 175 (7th Cir. 1994) ("[W]e find that the Sentencing Commission adequately considered both the possibility of statutory forfeiture and degree of hardship a forfeiture could work when constructing the Guidelines."); United States v. Crook, 9 F.3d 1422, 1426 (9th Cir. 1993) ("By considering forfeiture in § 5E1.4 but not providing that forfeiture may be considered in setting a term of incarceration, the Commission indicated that forfeiture and incarceration are to be considered separately."). In reaching this conclusion, several of these courts have observed that the fact that a defendant's property has been forfeited does not demonstrate the reduced culpability that might warrant a reduction in a defendant's sentence. See Weinberger, 91 F.3d at 644; Hendrickson, 22 F.3d at 176.

These decisions are persuasive. We therefore conclude that the forfeiture of a defendant's property does not constitute a basis for downward departure under 18 U.S.C. § 3553(b) and USSG § 5K2.0.

This conclusion establishes that the district court properly applied the guidelines and understood its authority in denying Ms. Coddington's request for departure. "Absent the trial court's clear misunderstanding of its discretion to depart, or its imposition of a sentence which violates the law or incorrectly applies the guidelines, we have no jurisdiction to review a refusal to depart." United States v. Belt, 89 F.3d 710, 714 (10th Cir. 1996) (citing 18 U.S.C. § 3742(a); United States v. Rodriguez, 30 F.3d 1318, 1319

6

(10th Cir. 1994); <u>United States v. Barrera-Barron</u>, 996 F.2d 244, 245 (10th Cir. 1993)).

That principle bars further review here.


### III.  CONCLUSION

Accordingly, we conclude that the forfeiture of Ms. Coddington's property does

not constitute a basis for downward departure under 18 U.S.C. § 3553(b) and USSG §

5K2.0 and DISMISS Ms. Coddington's appeal for lack of jurisdiction.[2]

---

[2]     During the pendency of this appeal, after the filing of all the briefs, Ms. Coddington sent this court a letter alleging that her attorney in the district court proceedings and in this appeal has not effectively represented her.  We will not consider these matters in this appeal.  <u>See</u> <u>United States v. Galloway</u>, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) (concluding that, in most instances, ineffective assistance of counsel claims are not properly decided on direct appeal).