**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 11 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

EZEQUIEL REYES-GUTIERREZ,

     Defendant - Appellant.

No. 97-2217
(D.C. No. 96-CR-524-SC)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.[**]

Mr. Reyes-Gutierrez appeals from his sentence based upon his guilty plea to one count of possession with intent to distribute 100 or more grams of methamphetamine. See 21 U.SC. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2. The district court sentenced him to 87 months of imprisonment followed by four years of supervised release. Mr. Reyes-Gutierrez asserts that the district court

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

erred in refusing to depart downward from the Guidelines because it mistakenly believed it lacked authority to depart downward, mechanically rejected outrageous conduct and family circumstances as grounds for departure, and violated 18 U.S.C. § 3553(a).

Our review of the record indicates the district court clearly understood it had discretion to depart downward but chose not to. As the government notes, the district court allowed and considered Mr. Reyes-Gutierrez's proffer and argument before deciding not to grant the request for a downward departure. See III R. at 3-15. We thus have no jurisdiction to review the district court's refusal to do so. See United States v. Coddington, 118 F.3d 1439, 1441 (10th Cir. 1997). Further, nothing in the record indicates that the district court's rejection of outrageous conduct and family circumstances was mechanical. See United States v. Mobile Materials, Inc., 871 F.2d 902, 918-19 (10th Cir.), supplemented on reh'g, 881 F.2d 886 (10th Cir. 1989). Finally, even had Mr. Reyes-Gutierrez raised his § 3553(a) argument before the district court, his argument is without merit. See United States v. Soto, 918 F.2d 882, 884 (10th Cir. 1990).

The appeal is DISMISSED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge