**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 8 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

vs.

ROBERTO ULLOA-PORRAS,

    Defendant - Appellant.

No. 00-8023
(D.C. No. 99-CR-117)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.

Defendant Roberto Ulloa-Porras appeals from his forty-six month sentence, asserting that the sentencing judge erroneously denied his motion for a downward departure and, in the alternative, that the United States Sentencing Guidelines are unconstitutional. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## Background

Mr. Roberto Ulloa-Porras, a citizen of Mexico, first entered the United States in 1975. In 1995, he was convicted of delivery of a controlled substance in violation of Wyo. Stat. Ann. § 35-7-1031, an aggravated felony. See 8 U.S.C. § 1101(a)(43). After serving his state sentence, Mr. Ulloa-Porras was released into the custody of the Immigration and Naturalization Service ("INS") and deported to Mexico on January 16, 1998. He reentered the United States some ten or eleven months later and was arrested by the INS in 1999. Mr. Ulloa-Porras pled guilty to a one-count indictment charging him with illegal entry of a deported alien into the United States, a violation of 18 U.S.C. § 1326, and was sentenced to a forty-six month term of imprisonment. He raises four issues on appeal: (1) that the indictment to which he pled was defective under Apprendi v. New Jersey, 120 S. Ct. 2348 (2000); (2) that his sentence was imposed in violation of 18 U.S.C. § 3553(a); (3) that the district court erred in refusing to depart downward on the basis of cultural assimilation; and (4) that the United States Sentencing Guidelines are unconstitutional.

## Discussion

When Mr. Ulloa-Porras voluntarily entered a guilty plea to the indictment, he waived all non-jurisdictional defenses, including his defective indictment

claim. United States v. Browning, 61 F.3d 752, 753 (10th Cir. 1995) (citing United States v. Davis, 900 F.2d 1524, 1525-26 (10th Cir. 1990)); see also Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). Therefore, we need not address Mr. Ulloa-Porras' argument that the indictment was defective for failure to allege his prior aggravated felony conviction. Cf. United States v. Martinez-Villalva, 232 F.3d 1329, ---, 2000 WL 1736964, *1 (10th Cir. 2000) (rejecting identical defective indictment claim on the merits). Second, we reject the defendant's assertion that his sentence violates 18 U.S.C. § 3553(a). Because Mr. Ulloa-Porras' "overall sentence is sufficient, but not greater than necessary, to comply with the . . . goals [listed in § 3553(a)], the statute is satisfied." Koon v. United States, 518 U.S. 81, 108 (1996) (quotations and citation omitted).

Mr. Ulloa-Porras also contends that he was entitled to a downward departure under United States v. Lipman, 133 F.3d 726 (9th Cir. 1998), in which the Ninth Circuit analogized "cultural assimilation" to "family and community ties," a discouraged factor under U.S.S.G. § 5H1.6. Id. at 730. "Thus, to the extent that cultural assimilation denotes family and community ties, [Lipman

- 3 -

held] that the district court has the authority to depart on this basis in extraordinary circumstances." Id. Our analysis of the sentencing court's denial of Mr. Ulloa-Porras' motion for a downward departure must begin with the familiar rule that "[a]bsent the trial court's clear misunderstanding of its discretion to depart, . . . we have no jurisdiction to review a refusal to depart." United States v. Coddington, 118 F.3d 1439, 1441 (10th Cir. 1997) (citations omitted, emphasis added). Mr. Ulloa-Porras asserts that the sentencing court did not understand its authority to grant his motion for a downward departure on the basis of cultural assimilation. Aplt. Br. at 11. We disagree.

The record in this case indicates that the sentencing judge agreed with the basic holding in Lipman, but that he did not believe he could depart downward in Mr. Ulloa-Porras' case. E.g., Tr. of Hr'g at 32 (Mar. 8, 2000) (oral ruling by court) ("I can discern no basis . . . to depart in this instance."); id. at 35 (". . . I don't have the authority to depart based on what I know about this case."). Despite a few critical remarks with respect to Lipman, the sentencing court expressly concurred with the Ninth Circuit's fundamental premise: that "cultural assimilation" was comparable to "family and community ties." Id. at 31-32 (citing U.S.S.G. § 5H1.6). While recognizing that such factors are "not ordinarily relevant" under the Guidelines, the court noted that they might "be relevant if they're present to an unusual degree such that the case is distinguishable from the

- 4 -

heartland of cases." Id. at 32. In light of the court's statement that Mr. Ulloa-Porras' "case [was] very similar to many other individuals who have appeared in front of me," id. at 33, we are convinced that the court's refusal to grant Mr. Ulloa-Porras' motion for a downward departure was discretionary, and that it is therefore unreviewable on appeal. Neither the court's passing criticisms of Lipman nor its obvious frustrations with the Guidelines are sufficient bases to conclude that the court believed it could never consider evidence of "cultural assimilation" in support of a motion for a downward departure. Cf. United States v. Fagan, 162 F.3d 1280, 1282 (10th Cir. 1998) (concluding that a refusal to depart downward was reviewable where the sentencing court "specifically rul[ed] that it did not have the discretion to consider remorse as a factor to support the downward departure").

Mr. Ulloa-Porras' final argument, that the United States Sentencing Guidelines are unconstitutional under Apprendi, is also unavailing. [1] In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S. Ct. at

---

[1] Counsel are advised that the inclusion of lengthy block quotes -- here, two sets of nearly identical quotes spanning twelve consecutive pages each -- is not the most effective use of the limited pages permitted for appellate briefing. See Fed. R. App. P. 32(a)(7).

2362-63 (emphasis added). The application of the Guidelines within the permissible statutory range was not before the Court, and the majority in Apprendi "therefore express[ed] no view on the subject beyond what th[e] Court ha[d] already held." Id. at 2366 n.21 (citing Edwards v. United States, 523 U.S. 511, 515 (1998) (noting difference between challenges to sentence in excess of the statutory maximum and sentence within statutory range); U.S.S.G. § 5G1.1 (providing that Guidelines sentence may not exceed statutory maximum)). We see no Apprendi problem with the application of the Guidelines in this case. Given Mr. Ulloa-Porras' prior aggravated felony conviction, the applicable statutory maximum was twenty years. See 8 U.S.C. § 1326(b)(2). His actual sentence of forty-six months was well within the statutory maximum.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge