**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 8 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

JOSE ANTONIO MARIN, also known
as Jose Marin, also known as T.
Marin, also known as Tony Marin,

      Defendant - Appellant.

No. 00-8030
(D.C. No. 98-CR-44-2-J)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.

Defendant Jose Antonio Marin appeals from his fifty-one month sentence,

asserting that the sentencing judge erroneously denied his motion for a downward

departure and, in the alternative, that the United States Sentencing Guidelines are

unconstitutional. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. §

3742(a) and we affirm.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## Background

Mr. Jose Antonio Marin was indicted for an assortment of money laundering offenses in violation of 18 U.S.C. § 1956. Pursuant to a plea agreement, Mr. Marin pled guilty to Count One of the indictment, conspiracy to launder money in violation of § 1956(h), and the government dismissed the remaining counts. In April 2000, Mr. Marin was sentenced to fifty-one months in prison, a $500 fine, and a $100 special assessment. Mr. Marin, a citizen of Mexico, entered the United States in 1978 at the age of eighteen. Every member of Mr. Marin's family now resides in the United States, and all are citizens.

Mr. Marin raises three issues on appeal: (1) that his sentence was imposed in violation of 18 U.S.C. § 3553(a); (2) that the district court erred in refusing to depart downward on the basis of cultural assimilation; and (3) that the United States Sentencing Guidelines are unconstitutional under Apprendi v. New Jersey, 120 S. Ct. 2348 (2000). We lack jurisdiction to review the sentencing court's refusal to depart downward and reject Mr. Marin's other arguments.

## Discussion

As a preliminary matter, we reject Mr. Marin's claim that his sentence violates 18 U.S.C. § 3553(a). Aplt. Br. at 7. Because Mr. Marin's "overall sentence is sufficient, but not greater than necessary, to comply with the . . . goals

[listed in § 3553(a)], the statute is satisfied." Koon v. United States, 518 U.S. 81, 108 (1996) (quotations and citation omitted). Turning to Mr. Marin's arguments under the Guidelines, we begin with the familiar rule that "[a]bsent the trial court's clear misunderstanding of its discretion to depart, . . . we have no jurisdiction to review a refusal to depart." United States v. Coddington, 118 F.3d 1439, 1441 (10th Cir. 1997) (citations omitted). Mr. Marin asserts that the sentencing court did not understand its authority to grant his motion for a downward departure on the basis of cultural assimilation. Aplt. Br. at 15. We disagree.

Mr. Marin contends that he is entitled to a downward departure under United States v. Lipman, 133 F.3d 726 (9th Cir. 1998), in which the Ninth Circuit analogized "cultural assimilation" to "family and community ties," a discouraged -- but permissible -- factor under U.S.S.G. § 5H1.6. Id. at 730. The offense at issue in Lipman was illegal re-entry following deportation; the defendant was sentenced pursuant to U.S.S.G. § 2L1.2, the Guideline specifically applicable to unlawful entry or presence in the United States. Id. at 728. Here, we agree with the sentencing court's conclusion that Lipman is inapplicable to Mr. Marin's case. Tr. of Hr'g at 27 (April 28, 2000). The holding in Lipman is limited to cases in which cultural assimilation has some bearing on the defendant's culpability for the particular offense at issue. A broader application could run afoul of U.S.S.G.

§ 5H1.10, which prohibits the consideration of national origin in sentencing determinations.

The record before us clearly indicates that the sentencing judge understood his authority to depart downward on the basis of cultural assimilation in certain cases, but that he did not believe that Mr. Marin's was an appropriate case for such a departure . "[C]ertainly assimilation is something that goes a long way towards either mitigating or explaining in some way why there would be a strong pull back to violate the law [by illegally re-entering following deportation]. Not so with the offense charged here, which is money laundering . . . ." Tr. of Hr'g at 27. Accordingly, the court's refusal to grant Mr. Marin's motion for a downward departure was discretionary, and is therefore unreviewable. Coddington , 118 F.3d at 1441.

We must also reject Mr. Marin's final argument, that Apprendi effectively invalidated the Guidelines by abandoning the heartland test, Aplt. Br. at 33, and vesting unlimited discretion in sentencing courts, id. at 15. See generally id. at 21-34. In Apprendi , the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 2362-63 (emphasis added). The application of the Guidelines within the permissible statutory range was not before the Court, and the majority

in Apprendi "therefore express[ed] no view on the subject beyond what th[e] Court ha[d] already held." Id. at 2366 n.21 (citing Edwards v. United States, 523 U.S. 511, 515 (1998) (noting difference between challenges to sentence in excess of the statutory maximum and sentence within statutory range); U.S.S.G. § 5G1.1 (providing that Guidelines sentence may not exceed statutory maximum)).

We see no Apprendi problem with the application of the Guidelines in this case. Mr. Marin pled guilty to conspiracy to launder money in violation of 18 U.S.C. § 1956(h). See I R., Doc. 1 at 2-6 (indictment); I R., Doc. 58 at 2 (plea agreement); see also 18 U.S.C. § 1956(a) (substantive offense incorporated by § 1956(h)). The applicable statutory maximum was twenty years. See 18 U.S.C. § 1956(a). Mr. Marin's actual sentence of fifty-one months was well within the statutory maximum.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge