**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 8 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DARIAN LEE HOLTSMAN,

Defendant-Appellant.

No. 00-5053
(D.C. No. 99-CR-127-C)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **PORFILIO, ANDERSON**, and **BALDOCK,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Holtsman pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a) and (d). The district court, after denying his motion for downward departure, found that the defendant had a total offense

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

level of twenty-seven and a criminal history category of I, giving a sentencing range of seventy to eighty-seven months. The defendant was sentenced to eighty seven months imprisonment followed by five year of supervised release, and ordered to pay $2,911.80 in restitution.

Counsel for the defendant has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and has requested leave to withdraw. Counsel's brief acknowledges that "[t]here are no facts to support an argument by Mr. Holtsman that the district court failed to depart because it erroneously interpreted the guidelines as depriving it of the power to depart based on the proffered circumstances." *Id*. at 5.

Upon the filing of counsel's *Anders* brief, the defendant was given an opportunity to respond. He failed to do so.

It is well settled that "[a]bsent the trial court's clear misunderstanding of its discretion to depart, or its imposition of a sentence which violates the law or incorrectly applies the guidelines, we have no jurisdiction to review a refusal to depart." *United States v. Coddington,* 118 F.3d 1439, 1441 (10th Cir. 1997) (citations omitted). After a thorough review of the record and counsel's brief, the court finds that the district court properly applied the guidelines and understood its authority when it denied the defendant's motion for a downward departure. Therefore, this court lacks jurisdiction to review the discretionary

decision of the district court not to depart from the guidelines.

Accordingly, the appeal is DISMISSED. The motion by counsel for the defendant to withdraw is GRANTED. The mandate will issue forthwith.

Entered for the Court

Stephen H. Anderson
Circuit Judge