**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 16 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRANCISCO MANUEL
GONZALEZ-LOPEZ, also known as
Francisco Manuel Gonzalez,

Defendant - Appellant.

No. 01-4231
(D.C. No. 2:00-CR-580-C)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **PORFILIO** , **ANDERSON** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Francisco Manuel Gonzalez-Lopez appeals from his forty-six month sentence, asserting that the district court erroneously denied his motion for a downward departure and, alternatively, that the district court improperly applied an enhanced sentence based on factors that were not alleged in his indictment. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and we affirm.

## I.

Gonzalez-Lopez was deported to Mexico in 1999 after being convicted in Utah of burglary and aggravated assault, aggravated felonies as defined under 8 U.S.C. § 1101(a)(43). On October 25, 2000, Gonzalez-Lopez was again arrested in Utah and charged with three misdemeanors. After obtaining information regarding Gonzalez-Lopez's identity, the INS sought and received an indictment charging him with illegal re-entry of a deported alien. Gonzalez-Lopez was arrested on January 11, 2001.

Gonzalez-Lopez pled guilty to the charge, but moved the court for a downward departure based on cultural assimilation. The court denied that motion and sentenced Gonzalez-Lopez to forty-six months, based in large part on a sixteen-level sentence enhancement stemming from his previous deportation after a felony conviction. This appeal followed.

**II.**

"Our review of a sentencing court's refusal to grant a downward departure is narrow." *United States v. Browning*, 252 F.3d 1153, 1160 (10th Cir. 2001). Indeed, "[a]bsent the trial court's clear misunderstanding of its discretion to depart, or its imposition of a sentence which violates the law or incorrectly applies the guidelines, we have no jurisdiction to review a refusal to depart." *United States v. Coddington*, 118 F.3d 1439, 1441 (10th Cir. 1997) (quotation omitted). As this court stated in *Browning*,

> [C]ourts of appeals cannot exercise jurisdiction to review a sentencing court's refusal to depart from the sentencing guidelines except in the very rare circumstance that the district court states that it does not have any authority to depart from the sentencing guideline range for the entire class of circumstances proffered by the defendant . . . . This exception does not apply when a sentencing court concludes *under the defendant's particular circumstances* that it does not have the authority to depart.

*Browning*, 252 F.3d at 1160-61 (quotation omitted). Gonzalez-Lopez argues that the district court erroneously believed it only had the authority to depart downward based on cultural assimilation if Gonzalez-Lopez grew up in the United States and had lived in the country for many years. To the contrary, the sentencing transcript reveals that the district court recognized that it had the authority to grant a downward departure based on cultural assimilation, but

-3-

elected not to do so. [1] While the district court used, by example, other factual situations to explain its decision that Mr. Gonzalez-Lopez's situation was not beyond the heartland of typical cases justifying a downward departure, it did not limit itself to those particular factors as providing a bar to its discretionary authority. The transcript contains a number of additional references to Gonzalez-Lopez's situation demonstrating that the court understood its authority to grant a downward departure, if it chose to do so. Thus, this court does not have jurisdiction to review the district court's refusal to depart.

## III.

Gonzalez-Lopez next argues that his prior felony conviction cannot be used to enhance his sentence because it is not a part of the offense of conviction. "We review the district court's interpretation and application of the Sentencing Guidelines de novo ." *United States v. Martinez-Villalva* , 232 F.3d 1329,

---

[1] Gonzalez-Lopez urges downward departure under the authority of *United States v. Lipman* , 133 F.3d 726, 730 (9th Cir. 1998), one of at least two decisions specifically recognizing cultural assimilation as an allowable justification for downward departure. *See also United States v. Rodriguez-Montelongo* , 263 F.3d 429, 433 (5th Cir. 2001) ("[W]e hold that cultural assimilation is a permissible basis for downward departure."). Each of these decisions, however, has recognized that departures based on cultural assimilation are akin to consideration of family and community ties, which are discouraged factors under § 5H1.6 of the Guidelines, and which must be extraordinary before a departure may be justified. *See Rodriguez-Montelongo* , 263 F.3d at 433-34; *Lipman* , 133 F.3d at 730; *see also United States v. Gallegos* , 129 F.3d 1140, 1146 (10th Cir. 1997) (addressing family circumstances).

1332 (10th Cir. 2000). Specifically, Gonzalez-Lopez does not challenge the sufficiency of the indictment, but instead argues "that his sentence exceeds the maximum penalty for the offense of conviction." Aplt. Br. at 8. We disagree. Gonzalez-Lopez was indicted for, and pled guilty to a violation of 8 U.S.C. § 1326 prohibiting the re-entry of removed aliens. Subsection (b) of § 1326 increases the maximum penalty to twenty years in prison for any alien "whose removal was subsequent to a conviction for commission of an aggravated felony." 8 U.S.C. § 1326(b)(2). Gonzalez-Lopez's conviction for burglary and assault places him squarely within that subsection. Gonzalez-Lopez also correctly concedes that his argument is negated by the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which held that a prior felony conviction under § 1326(b)(2) is merely a sentencing factor based on recidivism. *Almendarez-Torres*, 523 U.S. at 235. Gonzalez-Lopez was clearly aware of the potential maximum penalty when he signed his plea agreement, and the district court did not err by enhancing his base offense level to an amount that was well below that statutory maximum.

The judgment of the United States District Court for the District of Utah is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge