**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 6 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CRUZ AGUIRRE-CORDERO,

Defendant - Appellant.

No. 02-1165
D.C. No. 01-CR-433-D
(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **LUCERO** and **HARTZ**, Circuit Judges.

---

Cruz Aguirre-Cordero, an alien, previously pled guilty to possession of less than fifty kilograms of marijuana with intent to distribute and was sentenced to ten months' imprisonment and two years' supervised release. On July 5, 2000, Aguirre-Cordero was deported. On March 28, 2001, authorities found him in the United States when he was arrested in Colorado for a traffic violation. Aguirre-

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Cordero was indicted on April 25, 2001, for illegally reentering the United States after having been convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). He later pled guilty to this offense and was sentenced to thirty-seven months' imprisonment. Aguirre-Cordero also pled guilty to three counts of violating the terms and conditions of his supervised release: (1) unlawful re-entry into the United States after having been convicted of an aggravated felony and deported; (2) driving while ability impaired; and (3) reentering the United States without prior approval from the Attorney General, a special condition of his supervised release. On March 28, 2002, the district court sentenced Aguirre-Cordero to four months' imprisonment, to be served consecutive to the thirty-seven-month prison sentence imposed for the § 1326 illegal re-entry conviction, thirty-two months' supervised release, and a $100 special assessment. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

On appeal, the federal public defender appointed to represent Aguirre-Cordero filed an Anders brief and moved to withdraw as counsel. See Anders v. California, 386 U.S. 738, 744 (permitting counsel who considers an appeal to be wholly frivolous to advise the court of that fact, request permission to withdraw from the case, and submit a brief referring to portions of the record that arguably support the appeal). In the Anders brief, counsel stated that the district court did

not err in calculating Aguirre-Cordero's sentence pursuant to the Sentencing Guidelines. Aguirre-Cordero was afforded an opportunity to respond on the merits, but declined to do so, only filing a motion asking us to appoint counsel for his appeal.

After conducting "a full examination of all the proceedings" as required by Anders, id., we conclude that the appeal is without merit. We have carefully reviewed the district court's sentencing calculations and find no error. Because Aguirre-Cordero had a criminal history category of one, and the most serious violation of his supervised release entailed reentering the United States after committing an aggravated felony and being deported, a Grade B offense, his correct sentencing range was from four to ten months. See U.S.S.G. §§ 7B1.1 (defining grades of supervised release violations) and 7B1.4(a) (term of imprisonment for violations of supervised release). He received a four-month sentence, the statutory minimum. This four-month sentence for violation of supervised release was imposed consecutively to the thirty-seven-month sentence imposed for his illegal reentry conviction. Section 7B1.3(f) of the Sentencing Guidleines states:

> [A]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

U.S.S.G. § 7B1.3(f) (emphasis added).

Prior to sentencing, Aguirre-Cordero's counsel moved for a downward departure, citing extraordinary family circumstances that allegedly warranted expedited deportation. As a general matter, family responsibilities, including in Aguirre-Cordero's case the need to provide financial support for sick family members, are a discouraged basis for downward departure, but the district court has discretion to grant such departure. See United States v. Gauvin, 173 F.3d 798, 807; U.S.S.G. § 5H1.6. "[A] district court may depart based on family circumstances 'only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present.'" Gauvin, 173 F.3d at 807 (quoting Koon v. United States, 518 U.S. 81, 96 (1996)). In the present case, the district court denied Aguirre-Cordero's request for downward departure. We lack jurisdiction to review a district court's failure to depart downward absent the court's clear misunderstanding of its discretion to depart. United States v. Coddington, 118 F.3d 1439, 1441 (10th Cir. 1997). Because the record shows that the district court understood its discretion, but chose not to exercise it, we have no jurisdiction to consider the propriety of its decision.

In sum, Aguirre-Cordero's sentence falls within the applicable guideline range.  We see no issues in this case that might properly be the subject of an appeal.  Accordingly, counsel's motion to withdraw is **GRANTED**, defendant's motion to appoint counsel is **DENIED** and we **AFFIRM**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge