**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 25 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v.

EMAD AL-MOSAWI,

 Defendant-Appellant.

No. 02-2097
(D.C. No. CR-00-957-BB)
(New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

Emad Al-Mosawi pled guilty to one count of distribution of less than five grams of a mixture or substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and one count of possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). Prior to sentencing, Al-Mosawi moved for a downward departure, primarily on the basis

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

that he had previously deserted from the Iraqi Army and led around 2,000 Iraqi soldiers to surrender to the allied forces in Saudi Arabia. Following a hearing on Al-Mosawi's motion, the court declined to depart downward on this basis and imposed a forty-six-month sentence on the § 841 count, and a sixty-month sentence on the § 924 count, to run consecutively. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and affirm.

On appeal, counsel for Al-Mosawi filed an Anders brief and moved to withdraw as counsel. See Anders v. California, 386 U.S. 738, 744 (1967) (permitting counsel who considers an appeal to be wholly frivolous to advise the court of that fact, request permission to withdraw from the case, and submit a brief referring to portions of the record that arguably support the appeal). In the Anders brief, counsel stated that Al-Mosawi's appeal is frivolous because this court lacks jurisdiction to review the district court's refusal to depart downward. Al-Mosawi was given an opportunity to respond on the merits, but limited his response to recounting his history as an Iraqi and the dire poverty suffered by him and his family.

A defendant may appeal his sentence "if the sentence (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; (3) was based on the sentencing court's upward departure; or (4) was imposed for an offense for which there is no sentencing guideline and

is plainly unreasonable." United States v. Castillo, 140 F.3d 874, 887–88 (10th Cir. 1998) (quoting 18 U.S.C. § 3742(a) (alteration omitted)). Having conducted "a full examination of all the proceedings" as required by Anders, 386 U.S. at 744, we conclude that the appeal is without merit. Additionally, we have carefully reviewed the district court's sentencing calculations and find no error.

Adopting the presentence report, the court concluded that, as to the § 841 count, Al-Mosawi's offense level was 23, criminal history category II. Pursuant to U.S.S.G. § 5K2.13 and based on Al-Mosawi's mental illness, the court departed downward to level 22, resulting in a guideline range of 46–57 months' imprisonment. Al-Mosawi was sentenced at the low end of that range to forty-six-months' imprisonment for this count. Furthermore, as contemplated by the plea agreement, the court imposed the mandatory five-year sentence on the § 924 count, to run consecutive to the forty-six-month sentence on the first count.

Before sentencing, Al-Mosawi filed a motion for a downward departure, citing the following grounds: (1) his status as a deserter from the Iraqi army and subsequent surrender to the allied forces; (2) his profound lack of training, education or orientation upon arriving in the United States as an Iraqi deserter; (3) his medical and psychological condition; (4) his fear of harm from Saddam Hussein's hit squads; and (5) that his criminal-history score overrepresents his criminal history. Alternatively, he argued that a combination of any two or more

of the above factors warrants a downward departure. At a sentencing hearing, Al-Mosawi testified and also presented testimony from two other witnesses. One witness stated that Al-Mosawi became a leader of the opposition movement and led 2,000 soldiers to Saudi Arabia and the other explained how the United States treated non-Kurdish Iraqi refugees like Al-Mosawi worse than Kurdish refugees. After Al-Mosawi presented his evidence, the following dialogue took place between the court and Al-Mosawi's counsel:

> THE COURT: Well, as I indicated, this tale may be true, and it has been verified by one of his colleagues, but frankly, it's too fantastic on its face for me to believe without some kind of official verification. If you think you can come up with that, Mr. Cooper, I'm willing to continue the sentencing. Otherwise, I'm certainly willing to sentence at the low end of the guidelines. But I can not accept this tale at face value, in spite of verification by another witness.

> ***

> MR. COOPER: Your Honor, would more witnesses suffice, or do you want some written documentation from some Government source?

> THE COURT: If there are witnesses from an official source that we recognize. Bringing more of his friends in, obviously, I have no way to tell whether they were there, what they saw . . . I'm willing to give [this tale] more credence at this point, having heard the testimony, but I can't take it at face value without verification that these acts were committed on behalf of our Government and to our benefit.

(4 R. at 27.)

Accordingly, the court adjourned the sentencing hearing to allow Al-Mosawi additional time to present more evidence of his treatment as an ex-Iraqi

soldier. When the sentencing hearing resumed in March, Al-Mosawi presented no more evidence, and the district court refused to grant a downward departure on the basis of Al-Mosawi's activities in Iraq.

We lack jurisdiction to review a district court's failure to depart downward absent a clear misunderstanding by the court of its discretion to depart. United States v. Coddington, 118 F.3d 1439, 1441 (10th Cir. 1997). Correlatively, we may not conclude that the district court was unaware of its discretion to depart downward from the Guidelines unless the sentencing judge's language "unambiguously states that the judge does not believe he has authority to downward depart." United States v. Rodriguez, 30 F.3d 1318, 1319 (10th Cir. 1994). Because the record shows that the district court understood its discretion, but chose not to exercise it given the lack of evidence presented by Al-Mosawi to support his requested grounds for departure, we do not have jurisdiction to consider the court's decision.[1]

In sum, Al-Mosawi's sentence falls within the applicable guideline range. We see no issues in this case that might properly be the subject of an appeal. Accordingly, counsel's motion to withdraw is **GRANTED**, and we **AFFIRM**.

---

[1] In his Anders brief, counsel points to two statements by the district court that arguably would give us jurisdiction here. We have reviewed both statements, and conclude that neither provides "unambiguous" language indicating that the court did not understand its discretion to depart downward.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge