UNITED STATES of America, Plaintiff–Appellee,

v.

Daniel LOZANO–MORALES, Defendant–Appellant.

No. 03–2163.

United States Court of Appeals, Tenth Circuit.

Nov. 24, 2004.

David C. Iglesias, U.S. Attorney [Gvt] Bill Pflugrath, Office of The United States Attorney District of New Mexico, Albuquerque, NM, for Plaintiff–Appellee.

David N. Williams, Asst. U.S. Attorney, United States Attorney's Office, Stephen P. McCue, Fed. Public Defender, Office of The Federal Public Defender, Albuquerque, NM, for Defendant–Appellant.

Before SEYMOUR, LUCERO, and O'BRIEN, Circuit Judges.

## ORDER AND JUDGMENT*

O'BRIEN, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is therefore ordered submitted without oral argument.

Daniel Lozano–Morales pled guilty to illegal re-entry after deportation in violation of 8 U.S.C. §§ 1326(a)(1), (2) and (b)(2). He was sentenced to fifty-seven months imprisonment. He appeals claiming the government improperly usurped the district court's authority to sentence him concurrently by delaying his federal

prosecution. Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss.

## Background

Lozano–Morales was deported to Mexico on October 22, 1998, following a 1995 felony conviction for aggravated battery in Dona Anna County, New Mexico. On February 21, 2002, he was convicted of battery upon a peace officer in New Mexico. On May 7, 2002, while in the Central New Mexico Correctional Facility serving his state battery sentence, Lozano–Morales was interviewed by an Immigration Officer, who discovered he had unlawfully re-entered the United States subsequent to a felony conviction and deportation. On February 26, 2003, Lozano–Morales was indicted for illegal re-entry after deportation subsequent to an aggravated felony conviction in violation of 8 U.S.C. §§ 1326(a)(1), (2) and (b)(2). On April 10, 2003, Lozano–Morales pled guilty to the indictment. Thereafter, he filed a motion for downward departure based on cultural assimilation, delay in prosecution and family ties and responsibilities. The district court denied his motion and sentenced him to fifty-seven months imprisonment, the lowest sentence in the applicable guideline range.[1] This timely appeal followed.

## Discussion

Lozano–Morales claims the executive branch (the prosecutor) improperly usurped the district court's sentencing power by delaying his federal prosecution until the completion of his state sentence, thereby preventing the district court from sentencing him concurrently. He con-

---

* This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. Because the offense level was 21 and Lozano–Morales' criminal history level was IV, the applicable guideline range was 57–71 months imprisonment.

tends this conduct violates the separation of powers doctrine.

■ Lozano waived this argument by pleading guilty. "[A] voluntary and unconditional guilty plea waives all non-jurisdictional defenses." *United States v. Salazar,* 323 F.3d 852, 856 (10th Cir.2003).[2] "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.* (quotations omitted).[3] He also waived the argument by failing to raise it before the district court. *United States v. Hernandez–Rodriguez,* 352 F.3d 1325, 1328 (10th Cir.2003) ("Ordinarily, appellate courts will not consider arguments for the first time on appeal....").

■ To the extent Lozano–Morales is appealing the district court's denial of his motion for downward departure, we lack jurisdiction to review it.[4] "Our review of a sentencing court's refusal to grant a downward departure is narrow." *United States v. Browning,* 252 F.3d 1153, 1160 (10th Cir.2001). "Absent the trial court's clear misunderstanding of its discretion to depart, or its imposition of a sentence which violates the law or incorrectly applies the guidelines, we have no jurisdiction to review a refusal to depart." *United States v. Coddington,* 118 F.3d 1439, 1441 (10th Cir. 1997) (quotations omitted).

[C]ourts of appeals cannot exercise jurisdiction to review a sentencing court's refusal to depart from the sentencing guidelines except in the very rare circumstance that the district court states that it does not have any authority to depart from the sentencing guideline range for the entire class of circumstances proffered by the defendant.... This exception does not apply when a sentencing court concludes *under the defendant's particular circumstances* that it does not have the authority to depart.

*Browning,* 252 F.3d at 1160–61 (quotations omitted). Because the district court did not misunderstand its authority to depart downward,[5] we lack jurisdiction to review the district court's refusal to depart.

Based on the above, this appeal is **DISMISSED.**

---

2.  In his reply brief, Lozano–Morales states:
    The error claimed by Mr. Lozano in this case is akin to a jurisdictional or structural error, so his having pled guilty did not constitute a waiver of this argument.
    (Appellant's Reply Br. at 12–13.) Despite this attempt to avoid waiver, Lozano–Morales does not argue the district court was without jurisdiction of his case.

3.  There is no indication in the record nor does Lozano–Morales argue that his guilty plea was not voluntarily and intelligently made.

4.  In his motion for downward departure based on delay in prosecution, Lozano–Morales argued the government's seventeen month delay in prosecuting him resulted in his inability to serve his state and federal sentences concurrently. In response, the government claimed such delay was "common practice" and in any event, Lozano–Morales was not entitled to a concurrent sentence. (R., Vol. III, at 14.)

5.  At sentencing, the district court stated:
    I just don't see that the circumstances of this case, everything that I have considered in the presentence report that's been represented here, creates that type of extraordinary circumstance to warrant [departure].
    (R., Vol. III at 18.)