UNITED STATES of America, Plaintiff–Appellee,

v.

Antonio WILSON, Defendant–Appellant.

No. 94–5070.

United States Court of Appeals, Tenth Circuit.

Nov. 25, 1994.

Stephen J. Greubel, Asst. Federal Public Defender, Tulsa, OK, for defendant-appellant.

Steven C. Lewis, U.S. Atty., and Allen J. Litchfield, Asst. U.S. Atty., Tulsa, OK, for plaintiff-appellee.

Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.

McKAY, Circuit Judge.

Mr. Wilson appeals the application of the Sentencing Guidelines after his conviction on a guilty plea for possession of a firearm after former conviction of a felony. Mr. Wilson has raised two issues: first, does a sentence imposed on Mr. Wilson as a juvenile, which required him to be placed in the custody of the Department of Human Services, qualify as "confinement" for purposes of awarding criminal history points pursuant to U.S.S.G. § 4A1.2(d)(2)(A); and second, were two sentences formerly imposed on Mr. Wilson "related" for the purpose of assessing criminal history points.

■ The district court's factual findings are reviewed for clear error; its interpretation of the Sentencing Guidelines receives de novo review. *United States v. Pinedo-Montoya,* 966 F.2d 591, 595 (10th Cir.1992).

■ Mr. Wilson was adjudicated a "juvenile delinquent" at the age of fourteen after committing a burglary. He had previously committed a rash of other crimes and had been in constant contact with the Juvenile Justice System. After being turned over to the Department of Human Services, he remained in their custody for three and a half years, primarily at a secure facility. This was properly considered a "confinement" under U.S.S.G. § 4A1.2(d)(2)(A). Thus, the award of two criminal history points for this confinement plus the additional point pursuant to U.S.S.G. § 4A1.1 was correct.

■ At the age of eighteen, Mr. Wilson was charged with three other crimes. While these charges were pending and while out on bond, he failed to appear for a scheduled court appearance and was subsequently charged with bail jumping. When he eventually appeared in court, he was sentenced for both the pending charges and the failure to appear at the same hearing. He was given a five-year suspended sentence for the underlying criminal counts and a one-year suspended sentence for jumping bail, to be served concurrently. Mr. Wilson was given a criminal history point for each of the two convictions. Mr. Wilson argues that he should receive only one criminal history point for these two convictions because they were related cases which were "consolidated for trial or sentencing" within the meaning of U.S.S.G. § 4A1.2, comment n. 3. We have previously held that failure to appear is not part of "common scheme or plan" under this comment (*United States v. Shewmaker,* 936 F.2d 1124 (10th Cir.1991)), but have not addressed the precise point raised by this appellant. However, in addition to the "consolidated for sentencing" language on which the defendant relies, comment note 3 also states,

"[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." Mr. Wilson obviously was arrested for the crimes before he failed to appear. Thus, the fact that the sentences for these two different crimes were imposed by the same court on the same date does not convert these two convictions into related cases within the meaning of U.S.S.G. § 4A1.2(a)(2). *See United States v. Coleman*, 9 F.3d 1480 (10th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1234, 127 L.Ed.2d 578 (1994) (district court did not err in not treating two prior offenses as related cases under § 4A1.2(a)(2) where probation was revoked and defendant resentenced in the same proceeding in which he was sentenced for another separate offense). Accordingly, the two offenses were properly counted separately for the purpose of assessing criminal history points.

The sentence is AFFIRMED.