**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 17 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROBERT D. REED,

Defendant-Appellant.

Case No. 97-4037
(D.C. 96-CR-143-C)
(District of Utah)

**ORDER AND JUDGMENT** *

Before **HENRY** , Circuit Judge, **HOLLOWAY** , Senior Circuit Judge, and **LUCERO** , Circuit Judge.

Robert Reed pled guilty to one count of wire fraud and one count of transportation of a stolen vehicle in interstate commerce after he sold a stolen backhoe. The district court sentenced him to a 33-month term of imprisonment. Mr. Reed appeals his sentence. We review for clear error the district court's factual findings at sentencing, and we review de novo the court's interpretation of the Sentencing Guidelines. United States v. Simpson , 94 F.3d 1373, 1380 (10th

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Cir. 1996). Finding no error, we affirm.

At sentencing, the district court assessed twelve criminal history points, which amounted to a criminal history category of V. Mr. Reed contests three of the twelve criminal history points, arguing that he should have been placed in criminal history category IV. The additional three points were added as a result of the sentences imposed for prior convictions. The first prior conviction involved issuing a worthless check. The second prior conviction was for theft of a backhoe and failure to appear. Mr. Reed contests one criminal history point from the worthless check offense, and he contests two criminal history points from the failure to appear. We shall address each contention in turn.

**A. Assessment of one criminal history point for bad check offense.**

In March 1990, Mr. Reed was charged with issuing a worthless check in Barton County, Kansas. According to a copy of a journal entry[1] certified by the Kansas state district court, Mr. Reed pled guilty to this misdemeanor charge. The journal entry, which the state district judge signed, indicates that the court sentenced him to a 30-day term of imprisonment in the Barton County jail, and the court ordered him to pay restitution. Mr. Reed claims, however, that he never appeared in court and that he never intended to plead guilty to the charge.

---

[1]The copy of the journal entry contained in the record is incomplete. However, a complete copy of the journal entry is appended to Mr. Reed's Opening Brief.

2

Furthermore, neither he nor his attorney signed the journal entry. According to him, he paid court costs and restitution through an attorney, and he understood that the case was dismissed. Thus, he argues that the district court incorrectly relied on the journal entry to assess an additional criminal history point.

The Simpson court faced a similar issue. In Simpson, 94 F.3d at 1373, the defendant challenged the district court's use of a prior conviction to enhance his sentence. He claimed that the conviction was the result of a guilty plea that he had not entered voluntarily. Id. at 1381. The probation office, however, submitted a certified docket sheet indicating that Mr. Simpson had pled nolo contendere and that the court found him guilty. Id. On appeal, the defendant claimed that the docket sheet was not sufficient evidence for the court to conclude that the conviction was genuine. [2]

The Simpson court began its analysis by noting that "[t]he government must establish the fact of a prior conviction by a preponderance of the evidence." Id. The court stated that "a certified docket sheet is adequate, *absent some contradictory evidence by the defendant*, to establish the existence of a prior conviction for this sentencing purpose." Id. (emphasis added). The government argues that Mr. Reed's self-serving statement that he never pled guilty does not

---

[2]The defendant argued this despite some evidence that he had conceded the fact of his prior conviction in the trial court. Simpson, 94 F.3d at 1381.

constitute sufficient "contradictory evidence by the defendant" within the meaning of Simpson. Mr. Reed argues, on the other hand, that his statement, along with the fact that he never signed the journal entry, is sufficient contradictory evidence.

We need not define the precise scope of "some contradictory evidence" within the meaning of Simpson. We do not think the district court erred in balancing the evidence before it, nor did it err in finding that the government had proved the fact of the prior conviction by a preponderance of the evidence. The district court weighed the certified journal entry signed by a state district judge against Mr. Reed's self-serving statement that he never pled guilty to the misdemeanor. The court found that the journal entry was sufficient to establish the fact of Mr. Reed's prior conviction. Rec. vol. II at 10. We cannot say that the district court clearly erred in so finding. Moreover, "'with the exception of a collateral attack based on the complete denial of counsel, a district court sentencing a defendant under the career offender provisions of the Guidelines cannot consider a collateral attack on a prior conviction.'" Simpson, 94 F.3d at 1381 (quoting United States v. Garcia, 42 F.3d 573, 581 (10th Cir. 1994)). Thus, the district court did not err when it assessed one criminal history point for Mr. Reed's bad check conviction.

**B. Assessment of two criminal history points for failure to appear.**

In August 1992, Mr. Reed was charged with theft of a backhoe. During the course of the proceedings, he failed to appear for a hearing, and he was subsequently charged with failure to appear. On November 2, 1993, a court imposed a five-year sentence for the underlying crime and an additional one-year sentence, to run consecutively, for the failure to appear.

In the case at bar, the district court assessed three criminal history points for the theft sentence and an additional two points for the failure to appear sentence. Mr. Reed argues that the court erred when it assessed the additional two points for the failure to appear. According to him, since the theft and the failure to appear were related, and since they were consolidated for sentencing purposes, the district court should only have assessed a total of three criminal history points for the theft and failure to appear combined.

According to U.S.S.G. § 4A1.2(a)(2), for purposes of computing criminal history points, "[p]rior sentences imposed in unrelated cases are to be counted separately." According to the commentary, "[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest." Id. cmt. 3. The government, relying on United States v. Wilson, 41 F.3d 1403 (10th Cir. 1994), argues that the sentences for theft and for failure to appear are unrelated because they were separated by an intervening arrest. We agree that Wilson controls the disposition of this portion of Mr. Reed's appeal.

5

In Wilson , the defendant, who was convicted of being a felon in possession of a firearm, had formerly faced charges for three other crimes and, while the charges were pending, had failed to appear for a scheduled court hearing.    Id. at 1404.  He was subsequently charged with bail jumping.    Id.  He received a five-year suspended sentence for the underlying crimes and a one-year suspended sentence for bail-jumping, to run concurrently.    Id.

At Mr. Wilson's sentencing on the felon in possession of a firearm conviction, the district court assessed one criminal history point for the three underlying crimes and one criminal history point for bail-jumping.    Id.  Mr. Wilson argued that he should only have received one criminal history point instead of two because the sentences were "related" within the meaning of U.S.S.G. § 4A1.2.  On appeal, this court noted that the bail-jumping charge and the other charges were separated by an intervening arrest.  Relying on comment 3 to § 4A1.2, the court held that the bail-jumping sentence was properly counted separately.  Id. at 1405.

Likewise, in the case at bar, Mr. Reed was arrested for his failure to appear after he had been charged with theft.  Thus, according to § 4A1.2 cmt. 3 and Wilson , the two sentences were unrelated because they were separated by an intervening arrest.  The district court, therefore, correctly treated the sentences separately for the purpose of assessing criminal history points.

6

In sum, the district court properly assessed one criminal history point for the worthless check sentence and an additional two criminal history points for the failure to appear sentence. Therefore, we AFFIRM the judgment of the district court.

Entered for the Court,


Robert H. Henry
Circuit Judge