**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

ROBERT L. ORTEGA,

       Defendant - Appellant.

No. 99-2155
(D.C. No. CR-98-714-SC)
(District of New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA, McKAY** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Robert L. Ortega pled guilty to one count of bank fraud. The district court sentenced him to a 15-month term of imprisonment. Mr. Ortega appeals his sentence. We review for clear error the district court's factual findings at sentencing, and we review de novo the court's interpretation of the Sentencing Guidelines. *United States v. Simpson*, 94 F.3d 1373, 1380 (10th Cir.), *cert. denied*, 519 U.S. 975 (1996). Finding no error, we affirm.

At sentencing, the district court adopted the factual findings and guideline applications as set forth in the presentence report. The court determined that Mr. Ortega had an offense level of 6 and a criminal history category of V, establishing a guideline range of 9 to 15 months imprisonment. Mr. Ortega argues that the district court erred in concluding that two offenses described in paragraphs 46 and 47 of the presentence report were not related under U.S.S.G. § 4A1.2.

Mr. Ortega argues that these two offenses are related for purposes of § 4A1.1 because they were adjudicated as a single case in one plea disposition proceeding, concurrent sentences were imposed, and they were treated as a single case at a probation revocation proceeding.

We conclude, however, that, because the offenses involved were separated by an intervening arrest, the district court was correct in not treating the offenses at issue as related. *See* U.S.S.G. § 4A1.1, comment. (n.3) ("Prior sentences are

not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)."); *United States v. Wilson*, 41 F.3d 1403, 1405 (10th Cir. 1994) (holding that where the defendant was arrested for the first offense before he committed the second, "the fact that the sentences for these two different crimes were imposed by the same court on the same date does not convert these two convictions into related cases within the meaning of U.S.S.G. § 4A1.2(a)(2).").

Accordingly, the sentence is **AFFIRMED**.


ENTERED FOR THE COURT


Monroe G. McKay
Senior Circuit Judge

3