**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 24 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ZACK SANDERS, JR.,

Defendant-Appellant.

No. 99-3320
(D.C. No. 99-40030-01-SAC)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Zack Sanders, Jr. pled guilty to possession of cocaine base in violation of 21 U.S.C. § 844(a). He was sentenced to 84 months' incarceration to be followed by three years of supervised release. Mr. Sanders appeals his sentence, contending that 1) the district court erred in determining that two prior convictions which were consolidated for sentencing were not related cases; and 2) the district court and defense counsel erred in advising him of the possible sentence. Mr. Sanders' counsel has filed an *Anders* brief and motion to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Upon the filing of counsel's *Anders* brief, Mr. Sanders was given an opportunity to respond. He failed to do so. We affirm and grant counsel's motion to withdraw.

We review *de novo* questions of law regarding application of the sentencing guidelines, and review findings of fact under the clearly erroneous standard. *United States v. Wiseman*, 172 F.3d 1196, 1217-18 (10th Cir.), *cert. denied*, 120 S. Ct. 211 (1999).

The first argument presented, that the district court erred in not treating two prior convictions as related for purposes of sentencing, is without merit. Because the offenses involved were separated by an intervening arrest, the district court was correct in not treating the offenses as related. *See* U.S.S.G. § 4A1.2, comment. (n.3) ("Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest [*i.e.*, the defendant is

arrested for the first offense prior to committing the second offense].”); *United States v. Wilson*, 41 F.3d 1403, 1405 (10th Cir. 1994) (holding that, where the defendant was arrested for the first offense before he committed the second, “the fact that the sentences for these two different crimes were imposed by the same court on the same date does not convert these two convictions into related cases within the meaning of U.S.S.G. § 4A1.2(a)(2)”).

The second argument, that neither the district court nor defense counsel advised Mr. Sanders that he could be sentenced to more than five years imprisonment, is not supported by the record. The transcript of the plea hearing shows that the district court judge informed Mr. Sanders that the maximum penalty was not less than five years and not more than twenty years incarceration. Mr. Sanders also indicated several times in response to questioning by the trial judge that no one promised him what the sentence would be. Mr. Sanders also indicated that he was aware of the maximum possible sentence as it had been set forth in the plea agreement.

After a careful review of the record we conclude that there are no nonfrivolous grounds for appeal. Accordingly, the judgment of the United States

District Court for the District of Kansas is **AFFIRMED** , and counsel's motion to withdraw is **GRANTED** .

Entered for the Court


Stephen H. Anderson
Circuit Judge