**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 16 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JORGE LUIS GERONIMO,

    Defendant-Appellant.

No. 02-2139
(D.C. No. CR-01-827)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **MURPHY**, Circuit Judge.

By indictment filed on June 26, 2001, Jorge Luis Geronimo ("defendant") and his twin brother, Luis Ramirez Geronimo, were charged in the United States District Court for the District of New Mexico with various drug offenses. The defendant was a named defendant in five of the eight counts contained in the indictment. On July 12, 2001, the defendant entered a plea of not guilty to all

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1

five counts.[1]

On November 19, 2001, the defendant, pursuant to a written plea agreement with the United States, changed his plea to guilty of all of the five counts wherein he was named as defendant. Specifically, the defendant pled guilty to count one of the indictment charging him with conspiracy to possess and distribute more than five grams of cocaine base in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B), and to counts three, four, five, and eight, each of which charged him with possessing with an intent to distribute cocaine base. Counts three and four alleged that the amount of cocaine base involved was less than five grams. Counts five and eight alleged that more than five grams was involved. The conspiracy alleged in count one was alleged to have occurred from April 25, 2001 to June 6, 2001. The "possessions" alleged in counts three, four, five, and eight were said to have occurred on May 1, 2001, May 7, 2001, May 11, 2001, and June 6, 2001, respectively.

A presentence report was filed, to which defendant's counsel filed certain objections, with the probation officer filing a response thereto. The presentence report set defendant's total offense level at 21 and his criminal history category at

---

[1]Defendant's twin brother, Luis Ramirez Geronimo, pled guilty to all eight counts of the indictment and was sentenced to 188 months imprisonment. He appealed his sentence, which we affirmed. *United States v. Geronimo*, No. 03-2007, 2003 WL 21907613 (10th Cir. Aug. 11, 2003). Waiver of a right to appeal was not an issue in that case, as, will be developed, it is in the instant case.

II, the guideline range therefor being 41 to 51 months imprisonment. However, under U.S.S.G. §5G1.1(b), if the statutorily required minimum is greater than the maximum of the applicable guideline range, the statutorily required minimum "shall be the guideline sentence." In this case, the statutorily required minimum sentence was five years. Accordingly, at the sentencing hearing, the district court sentenced the defendant to five years (60 months) imprisonment.[2] The following day the defendant's counsel filed a notice of appeal.

In this court, the United States filed a motion to dismiss the appeal for lack of appellate jurisdiction, that motion being based on paragraph 10 of the plea agreement wherein the defendant agreed to waive his "appeal rights." Counsel for the defendant filed a response to the United States' motion to dismiss. On August 15, 2002, a panel of this court issued an order reserving judgment on defendant's motion to dismiss and referred the motion to the panel assigned to hear the appeal "on the merits."

In his opening brief, counsel for the defendant asserts two grounds for reversal: (1) the district court erred in determining the defendant's criminal history category to be II, and (2) the district court erred in refusing to grant defendant "safety valve" relief. The United States in its answer brief again

---

[2] The guideline range for the five counts to which the defendant pled guilty, without any adjustments, was 168 to 210 months imprisonment.

argues that the defendant by his plea agreement waived his right to appeal his sentence and that the appeal should be dismissed for lack of appellate jurisdiction. The United States does not respond, as such, to the matters raised by counsel for the defendant in his opening brief. In his reply brief, counsel for defendant again argues that the issues he seeks to raise on appeal are not within the scope of the plea agreement waiver.

We will now consider the United States' motion to dismiss the appeal for lack of jurisdiction, which, as already stated, is based on the plea agreement entered into by the parties, wherein, according to the United States, the defendant waived his right to appeal the sentence imposed in his case, the defendant contending that the waiver provision does not include the two matters he seeks to raise in this court. Accordingly, we will initially consider the two matters defendant seeks to raise on appeal in the context of the record before us.

Paragraph 10 of the plea agreement reads as follows:

**<u>WAIVER OF APPEAL RIGHTS</u>**

> 10. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal his conviction and <u>any sentence within the guideline range applicable to the statute of conviction as determined by the court</u> after resolution of any objections by either party to the presentence report to be prepared in this case, <u>and the defendant specifically agrees not to appeal the determination of the court in resolving any contested</u>

> sentencing factor. In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, that the court may depart upwards from the applicable sentencing guideline range as determined by the court. (Emphasis added).

Counsel argues that the district court erred in fixing his criminal history category at II, and that it should have been I, in which event the guideline range would have been 37 to 46 months imprisonment, rather than 41 months to 51 months. So, if counsel were to succeed in his argument that Defendant's criminal history category should have been I, rather than II, his would be a pyrrhic victory since the sentence would still be the statutory minimum of five years. However, for reasons which will be later developed, we hold that the waiver involved in the instant case is broad enough to include this particular argument.

Counsel's other argument, that the district court erred in not granting defendant "safety valve" relief, is based on 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. The statute and the guideline provide that if certain conditions are met, the district court is not required to impose the statutory minimum sentence and shall impose a sentence within the guideline range. One of those conditions and requirements is as follows:

> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other

5

information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

It would appear from statements made by counsel at the sentencing hearing, the defendant had not complied with that particular requirement. At the hearing, counsel for the defendant spoke as follows:

Mr. Geronimo has insisted that I also ask the Court for the safety valve in this case. He believes he is entitled to the safety valve because he does have only one prior misdemeanor conviction, and that he does not think the fact that the government will not allow- - well, the government will not take a debriefing because Mr. Geronimo will not incriminate his brother, but he thinks it's unfair that he should be forced between the hostile choice of informing against a family member or suffering a greater amount of incarceration.

Be all that as it may, laying aside the merits of the two matters defendant seeks to raise on appeal, we must first decide whether these two matters were within the scope of defendant's waiver of his right to appeal. We hold that both were. We believe that the last sentence in the waiver of rights contained in paragraph 10 of the plea agreement clearly disposes of this matter. In the last sentence in paragraph 10 of the plea agreement, the defendant clearly and unequivocally states that he waives his right to appeal his sentence imposed against him at sentencing, excepting any departure by the sentencing judge "upwards" from the applicable guideline range as determined by the court. In this

6

case, there was no upward departure from the guideline range as determined by the court.

In line therewith, at the change of plea hearing, the following colloquy occurred between court and counsel and the defendant:

> THE COURT: . . . [a]nd you understand that according to this plea agreement, you waive all rights you have to appeal. So if I sentence you – the only way you can appeal is if I sentence you higher than what the sentencing guidelines call for. In other words, if I go above the guidelines, you can appeal that. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you understand that while you are sitting in prison and you think, "My stars, I wish I could appeal this case," you can't appeal the case? It's over and done with.
>
> THE DEFENDANT: I know. I understand. Yes.
>
>     ....
>
> THE COURT: All right, Mr. Butcher (Appellant's trial and appellate attorney), did I correctly summarize the terms of the plea agreement?
>
> MR. BUTCHER: Yes, your Honor.
>
> THE COURT: Are you satisfied that your client understands each and every item in the plea agreement?
>
> MR. BUTCHER: Yes, your Honor....

A plea agreement is reviewed by us under contract law and one element of a contract is that there be "consideration." *United States v. Brye*, 146 F.3d 1207,

7

1210 (10th Cir. 1998). In this regard, there was obviously "consideration" by both parties. The defendant, *inter alia*, waived various constitutional and statutory rights, including his right to appeal his sentence, <u>unless</u> there be an upward departure from the guideline range <u>as determined by the district court</u>. The United States, in turn, stipulated that only 5 to 20 grams of cocaine would be attributable to the defendant, that the defendant was entitled to a three level reduction in his base offense level for acceptance of responsibility, that the defendant was a "minor participant" and entitled to a downward adjustment in the computation of his offense level, and that the United States would not prosecute the defendant for various and sundry other crimes committed by the defendant and known by the United States as of the date of the plea agreement. Rather significant "concessions," by both parties, we would observe. In sum, the two matters which defendant asks us to review were within the waiver provision in paragraph 10 of the plea agreement.

In support of our disposition of the motion to dismiss for lack of jurisdiction, see such cases as *United States v. Elliott*, 264 F.3d 1171 (10th Cir. 2001), *United States v. Black*, 201 F.3d 1296 (10th Cir. 2000), *United States v. Atterberry*, 144 F.3d 1299 (10th Cir. 1998), and *United States v. Hernandez*, 134 F.3d 1435, 1457 (10th Cir. 1998).

The motion to dismiss the appeal for lack of jurisdiction is granted and the

appeal is dismissed.[3]

SUBMITTED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge

---

[3]In view of our disposition of this appeal, the defendant's motion to supplement the record on appeal is denied.  Also, in its brief, the government suggests that sanctions should be imposed against defendant's counsel for appealing the sentence imposed by the district court.  If that "suggestion" be considered a "request," it is denied.