**F I L E D**

# UNITED STATES COURT OF APPEALS

October 3, 2005

# TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LUIS RAMIREZ GERONIMO,

Defendant-Appellant.

No. 04-2263
(D.C. No. CIV-04-882 JC/ACT)
(New Mexico)

# ORDER

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Luis Ramirez Geronimo, proceeding *pro se*, seeks a certificate of
appealability (COA) to challenge the district court's denial of his petition for a
writ of habeas corpus under 28 U.S.C. § 2255, as well as leave to proceed *in
forma pauperis* (*ifp*) on appeal. We exercise jurisdiction under 28 U.S.C. §
2253(c)(1), and liberally construe Mr. Geronimo's pleadings in compliance with
*Haines v. Kerner*, 404 U.S. 519, 520 (1972). Proceeding as such, we deny Mr.
Geronimo's application for a COA and his request to proceed *ifp*.

Mr. Geronimo pleaded guilty to various drug charges and was sentenced to

188 months imprisonment.  On direct appeal, he challenged the district court's calculation of his sentence, which was based in part on the district court's determination that he was a career offender.  In an unpublished decision, we affirmed.  *See United States v. Geronimo*, 72 Fed. Appx. 802 (10th Cir. 2003).  Mr. Geronimo subsequently filed a § 2255 petition in the district court, claiming his sentence was invalid under *Blakely v. Washington*, 542 U.S. 296 (2004), and also continuing to challenge the district court's sentencing calculation.  The district court dismissed his petition and denied his request for a COA.  Mr. Geronimo now seeks relief before our court, citing *United States v. Booker*, 125 S. Ct. 738 (2005).

The issuance of a COA is jurisdictional.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  A COA can issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327.  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Id.* at 336.  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims.

In fact, the statute forbids it." *Id.* While Mr. Geronimo is not required to prove the merits of his case to receive a COA, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Id.* at 338 (internal quotations and citation omitted). With these principles in mind, we have carefully reviewed Mr. Geronimo's brief, the record of these proceedings, and the district court's order.

First, the district court correctly recognized that the Supreme Court's decision in *Blakely* is not properly applied to decisions on collateral review. *See United States v. Prince*, 400 F.3d 844, 849 (10th Cir. 2005) ("*Blakely* does not apply retroactively to convictions that were already final at the time the Court decided *Blakely*, June 24, 2004."). We have ruled the same regarding *Booker*. *See United States v. Bellamy*, 411 F.3d 1182, 1186-87 (10th Cir. 2005) (holding neither *Booker* nor *Blakely* can be applied retroactively). Second, the district court properly noted Mr. Geronimo's claim regarding the calculation of his sentence had already been disposed of on direct appeal and could not be considered in a § 2255 proceeding. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).

Having reviewed the district court's order in light of the standards laid out in *Miller-El*, we conclude that reasonable jurists would not debate the district court's determination that the Supreme Court's rulings in *Blakely* and *Booker*

cannot be applied retroactively to Mr. Geronimo's case, nor its conclusion that Mr. Geronimo's sentence recalculation claims may not be reviewed on collateral review after being disposed of on direct appeal.

Accordingly, we **DENY** Mr. Geronimo's request for a COA as well as his request to proceed *ifp*. The appeal is **DISMISSED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge